**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 111365

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lisa Candela and Douglas Handy, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>     vs.<br><br>Ingram & Associates LLC, UnitedHealth Group, Inc. and OPTUM360, LLC,<br><br>     Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Lisa Candela and Douglas Handy, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Ingram & Associates LLC, UnitedHealth Group, Inc. and OPTUM360, LLC (collectively hereinafter referred to as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.    At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.    Plaintiff Lisa Candela is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6.    Plaintiff Douglas Handy is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7.    Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8.    On information and belief, Defendant Ingram & Associates LLC, ("Ingram") is a Tennessee Limited Liability Company with a principal place of business in Williamson County, Tennessee.

9.    On information and belief, Defendant OPTUM360, LLC, ("OPTUM") is a Tennessee Limited Liability Company with a principal place of business in Williamson County, Tennessee.

10.    On information and belief, Defendant UnitedHealth Group, Inc., ("UnitedHealth") is a Minnesota Corporation with a principal place of business in Hennepin County, Minnesota.

11.    Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12.    Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS COMMON TO ALL CLAIMS

13.    On information and belief, Ingram is a wholly owned subsidiary of OPTUM and UnitedHealth.

14.    On information and belief, OPTUM is a wholly owned subsidiary of UnitedHealth.

15.    On information and belief, UnitedHealth, OPTUM and Ingram share common offices at 1009 and 1023 Windcross Ct., Franklin, Tennessee 37067.

16.    On information and belief, UnitedHealth, OPTUM and Ingram share a common telephone number.

17.    On information and belief, Ingram and OPTUM share common officers and directors.

18.    On information and belief, OPTUM and Ingram are identified on various SEC filings as UnitedHealth companies.

19.    On information and belief, employees of OPTUM and Ingram participate in UnitedHealth's deferred compensation programs.

20.    On information and belief, Ingram routinely uses UnitedHealth's and OPTUM's mailing address in collection letters it sends to consumers.

21.    On information and belief, UnitedHealth, OPTUM and Ingram advertise positions of employment under the same address.

22.    On information and belief, UnitedHealth, OPTUM and Ingram advertise positions of employment holding themselves out as the same company.

23.    On information and belief, Ingram is controlled by UnitedHealth and OPTUM.

24.    On information and belief, OPTUM is controlled by UnitedHealth.

25.    Ingram is a mere instrumentality of UnitedHealth and OPTUM.

26.    Ingram is a mere instrumentality of UnitedHealth and OPTUM, used to shield UnitedHealth and OPTUM from liability under the FDCPA.

27.    Defendants allege each of the Plaintiffs owe a debt ("the Debts").

28.    The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

29.    Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

30.    Thereafter, at an exact time known only to Defendants, the Debts were assigned or otherwise transferred to Defendants for collection.

31.    In its efforts to collect the debt alleged owed by Plaintiff Candela, Defendants contacted Plaintiff Candela by letter ("the Candela Letter") dated May 31, 2016. ("**Exhibit 1**.")

32.    In its efforts to collect the debt alleged owed by Plaintiff Handy, Defendants contacted Plaintiff Handy by letter ("the Handy Letter") dated July 29, 2016. ("**Exhibit 1**.")

33.    The Candela Letter was the initial communication Plaintiff Candela received from Defendants.

34.    The Handy Letter was the initial communication Plaintiff Handy received from Defendants.

35.    The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERSPLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

36.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

37.    The written notice must contain the amount of the debt.

38.    The written notice must contain the name of the creditor to whom the debt is owed.

39.    The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

40.    The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

41.    The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

42.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

43.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

44.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

45.    A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

46.    Demanding immediate payment without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

4

47.     Demanding immediate contact without explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

48.     Demanding immediate payment without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

49.     Demanding immediate contact without providing transitional language explaining that such demand does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

50.     Both the Candela Letter and the Handy Letter (the "Letters") state, at the top of the Letters in bolded, highlighted and boxed text, larger than the other parts of the Letters, to "Please Call Today."

51.     The Letters state, "Let us help you resolve this matter today by calling the above number."

52.     The Letters advise Plaintiffs, "Please respond today in order to prevent further collection efforts."

53.     While the Letters contain the validation language required by 15 U.S.C. § 1692g, such is located on the back of the Letters.

54.     While the Letters contain the validation language required by 15 U.S.C. § 1692g, such is not effectively conveyed.

55.     The front of the Letters do not direct Plaintiffs attention to the back of the Letters.

56.     The front of the Letters do not direct Plaintiffs to read the back of the Letters.

57.     The Letters do not contain any transitional language notifying Plaintiffs of their validation rights.

58.     The Letters do not contain any transitional language notifying Plaintiffs that the back of the Letters contains important information.

59.     The Letters do not contain any transitional language notifying Plaintiffs that their validation rights are set forth on the back of the Letters.

60.     The Letters are structured in such a way that it makes Plaintiffs' validation rights difficult to read and easy to overlook.

61.     The Letters is structured in such a way that it makes Plaintiffs' validation rights

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

appear as boiler plate language.

62.    The Letters are structured in such a way that it makes Plaintiffs' validation rights appear unimportant.

63.    The Letters are structured in such a way that it discourages Plaintiffs from reading the back of them.

64.    The Letters are structured in such a way that it discourages Plaintiffs from reading her validation rights.

65.    Defendants demanded Plaintiffs make immediate payment without explaining that such demand does not override the Plaintiffs' right to dispute the debt.

66.    Defendants demanded Plaintiffs make immediate contact without explaining that such demand does not override the Plaintiffs' right to dispute the debt.

67.    Defendants demanded Plaintiffs make immediate payment while hiding the required validation language on the back of the Letters.

68.    Defendants demanded Plaintiffs make immediate contact with Defendants while hiding the required validation language on the back of the Letters.

69.    The Letters would likely make the least sophisticated consumer uncertain as to her rights.

70.    The Letters would likely make the least sophisticated consumer confused as to her rights.

71.    Defendants violated § 1692g as Defendants overshadowed the information required to be provided by that Section.

## CLASS ALLEGATIONS

72.    Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using the same form letter herein, from one year before the date of this Complaint to the present.

73.    This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

74.    Defendants regularly engage in debt collection.

75.    The Class consists of more than 35 persons from whom Defendants attempted to

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

collect delinquent consumer debts using the same form letter herein.

76.     Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

77.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

78.     Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

79.     Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.   Certify this action as a class action; and

b.   Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c.   Find that Defendants' actions violate the FDCPA; and

d.   Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

e.   Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Grant Plaintiffs' costs; together with

g.   Such other relief that the Court determines is just and proper.

DATED: June 4, 2017

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 111365

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

8